**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ORLANDO M-R., a.k.a. David Orlando R-M., <br><br>         Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>         Respondent. | No. 09-73198 <br><br> Agency No. A099-532-145 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:      SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

David Orlando M-R., a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *see Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Wakkary*, 558 F.3d at 1056. We deny the petition for review.

Although petitioner contends he is eligible for asylum and withholding of removal based on his membership in a particular social group, he concedes his social group claim fails under recent case law. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence"); *Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"). To the extent he asks us to revisit our decisions, we decline to do so. Further, substantial evidence supports the agency's finding that petitioner did not establish gang members targeted him on account of his political opinion. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (rejecting political opinion claim where petitioner "allege[d] no facts in support of a political

opinion, actual or imputed, beyond his refusal to join the MS-13").  Accordingly,

we deny the petition as to his asylum and withholding claims.

Finally, substantial evidence supports the agency's denial of CAT relief

because petitioner failed to establish it is more likely than not that he would be

tortured at the instigation or with the acquiescence of the government if removed to

El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**